UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TINA BLAIR,

                  **Plaintiff,**                  **5:11-cv-404 (GLS)**

          v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

                  **Defendant.**
_____

## SUMMARY ORDER

On March 16, 2012, plaintiff Tina Blair filed a motion for attorneys' fees and costs under 28 U.S.C. § 2412 in the amount of $7,892.39. (*See* Dkt. No. 15.) Defendant Commissioner of Social Security counters that Blair's motion is untimely because it was filed more than thirty days after final judgment in contravention of 28 U.S.C. § 2412(d)(1)(B). (*See* Dkt. No. 16 at 1-3.) Because the court reversed and remanded this action pursuant to sentence four of 42 U.S.C. § 405(g), (*see* Dkt. No. 14), the judgment became final when the Commissioner's right to appeal lapsed sixty days after entry. *See* 28 U.S.C. § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (holding that "[i]n sentence four cases, the filing period begins after the final judgment (affirming, modifying, or reversing) is

entered by the court and the appeal period has run, so that the judgment is no longer appealable") (internal quotation marks and citation omitted)); *see also* Fed. R. App. P. 4(a)(1)(B).  Here, the Commissioner's right to appeal expired on January 30, 2012, and, consequently, Blair had until February 29, 2012 to file a request for fees and costs under 28 U.S.C. § 2412.  Thus, Blair's motion, which was not filed until March 16, 2012, (*see* Dkt. No. 15), is untimely.

**ACCORDINGLY**, it is hereby

**ORDERED** that Blair's motion for attorneys' fees and costs (Dkt. No. 15) is **DENIED** as untimely; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED**.

May 8, 2012
Albany, New York