**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**TINA BLAIR,**

                      **Plaintiff,**                  5:11-cv-404
                                                                (GLS/GHL)

                           **v.**

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,[1]

                      **Defendant.**

---

## SUMMARY ORDER

Pending before the court is claimant Tina Blair's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. No. 18; Dkt. No. 18, Attach. 1 at 1.)

Section 406(b) authorizes a court to award reasonable attorneys' fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells*, 907 F.2d at 371. Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792-93.

Here, in accordance with a fee agreement entered into between Blair and her counsel, (Dkt. No. 18, Attach. 2 at 2), Blair seeks payment of twenty-five percent of the past-due benefits owed to her, (Dkt. No. 18, Attach. 1 at 2). However, despite repeated requests from her counsel, the Social Security Administration (SSA) has not yet issued a Notice of Award. (*Id.*) Nevertheless, Blair has indicated to the court that it may decide this motion even without a Notice of Award, (Dkt. No. 25), and estimates the past-due benefits to be approximately $32,187.00, twenty-five percent of which, and the amount sought in attorneys' fees, totaling $8,046.75, (Dkt. No. 18, Attach. 1 at 2).

In response, the Commissioner reiterates that the SSA has yet to

issue a Notice of Award, but claims that "[t]he Notice of Award is being processed and is expected to be released shortly." (Dkt. No. 27 at 1.) Despite its position that the court should not consider Blair's motion until a Notice of Award has been issued, (Dkt. No. 24), the Commissioner states that it has no objections to Blair's request for attorneys' fees because the fee requested is reasonable in light of the services rendered, (Dkt. No. 27 at 1-2). The Commissioner, however, estimates the past-due benefits owed to Blair to be $39,245.89—over $7,000 more than Blair's estimate—and Blair's attorneys' fees to be $9,811.47—over $1,700 more than Blair's estimate. (*Id.* at 1.)

Given the facts that the SSA has not yet issued a Notice of Award, and the parties' estimated past-due benefits are vastly different, at this juncture, the court is unable to determine whether the requested fee comports with § 406(b)(1) or whether it is reasonable in light of the services rendered. Accordingly, Blair's motion for attorneys' fees is denied, with leave to renew once a Notice of Award has been issued. Further, the Commissioner is ordered, within fourteen (14) days of this Summary Order, to provide the court with a status report and an affidavit from an individual within the Social Security Administration with knowledge of the facts and circumstances of this case, explaining the reason(s) for the delay of the

issuance of the Notice of Award.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Blair's motion for attorney fees (Dkt. No. 18) is **DENIED WITH LEAVE TO RENEW** upon issuance of a Notice of Award; and it is further

**ORDERED** that the Commissioner must, within fourteen (14) days of this Summary Order, provide the court with a status report and an affidavit from an individual within the Social Security Administration, with knowledge of the facts and circumstances of this case, explaining the reason(s) for the delay of the issuance of the Notice of Award; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 30, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court