**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TINA BLAIR,**

                        **Plaintiff,**                      5:11-cv-404
                                                                              (GLS/GHL)

                              v.

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,[1]

                        **Defendant.**
_____

## SUMMARY ORDER

Pending before the court is claimant Tina Blair's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. No. 32; Dkt. No. 32, Attach. 1 at 1.) The Commissioner does not oppose Blair's motion, but requests that the court review the matter to ensure there is a reasonable result, and consider that Blair's counsel failed to timely seek fees under the Equal Access to Justice Act[2] (EAJA). (Dkt. No. 33 at 1-2.)

Section 406(b) of Title 42 of the United States Code authorizes a court to award reasonable attorneys' fees to a successful claimant's

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

[2] *See* 28 U.S.C. § 2412.

1

attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792-93.

Here, in accordance with a fee agreement entered into between Blair and her counsel, (Dkt. No. 32, Attach. 3 at 2-3), Blair's counsel seeks payment of twenty-five percent of the past-due benefits owed to her, (Dkt. No. 32, Attach. 1 at 2). Blair's past-due benefits amount to $47,911.13, twenty-five percent of which is $11,977.78. (Dkt. No. 32, Attach. 5 at 2.) Blair's attorney performed forty-four hours of work before this court. (Dkt. No. 32, Attach. 1 at 4; Dkt. No. 32, Attach. 6 at 6-7.)

The Commissioner does not oppose counsel's request, and has

stated that the amount sought "does not seem so large as to be a windfall to the attorney." (Dkt. No. 29 at 2 (citing *Gisbrecht*, 535 U.S. at 808); Dkt. No. 33 at 1-2.) The Commissioner also notes, however, that counsel's prior request for $7,892.39 in fees pursuant to the EAJA was denied as untimely. (Dkt. No. 33 at 2; *see* Dkt. No. 17.) The Commissioner further notes that Blair was disadvantaged by counsel's failure to timely seek fees under the EAJA, as Blair would have been entitled to receive the lesser of the EAJA or § 406(b) fees.[3] (Dkt. No. 33 at 2); *see Gisbrecht*, 535 U.S. at 794-95.

In determining whether the requested fees pursuant to § 406(b) are reasonable, the court is entitled to take into account counsel's failure to timely file a colorable EAJA application. *See, e.g., Fura v. Astrue*, No. 08-CV-0689, 2011 WL 1541307, at *2 (N.D.N.Y. Apr. 21, 2011); *Garland v. Astrue*, 492 F. Supp. 2d 216, 223 n.6 (E.D.N.Y. 2007); *Iliceto v. Sec'y of Dep't of Health & Human Servs.*, No. CV-83-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990) (reducing the amount of the § 406(b) award by the amount that would have been obtained under the EAJA); *Losco v.*

---

[3] Awards under the EAJA are paid by the government. They are intended to reduce the high cost of litigation that may deter individuals from seeking review of government decisions. *See Trichilo v. Sec'y of Health & Human Servs.*, 823 F.2d 702, 704 (2d Cir. 1987). Awards under § 406(b), by contrast, are paid by the claimant out of past due benefits.

3

*Bowen*, 638 F. Supp. 1262, 1268 (S.D.N.Y. 1986) ("Having foregone an opportunity to seek fees from the Secretary under the EAJA, counsel will not be permitted to obtain a bonus for that shortcoming in the form of a premium fee deducted from his client's past-due benefits."). The court agrees with other courts in this Circuit that the fees should be reduced. Indeed, a successful application for EAJA fees "saves the plaintiff money [,and i]f the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error." *Iliceto*, 1990 WL 186254, at *1; *see Allen v. Comm'r of Soc. Sec.*, No. 10 Civ. 0068, 2012 WL 1596661, at *4-6 (S.D.N.Y. Apr. 27, 2012).

Thus, having determined that the fees should be reduced, the only remaining question is by how much. Although the court acknowledges that it could reduce the requested § 406(b) fees by the entire amount of the EAJA award, *see Allen*, 2012 WL 1596661, at *4-6; *Gallo v. Astrue*, No. 10-CV-1918, 2011 WL 5409619, at *3 (E.D.N.Y. Nov. 8, 2011), it declines to do so here. Instead, the court will award fees for forty hours expended, not forty-four, *see Coughlin v. Astrue*, No. 06-CV-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009) ("District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine

social security cases."), at an hourly rate of $179.04—the hourly rate that counsel requested in his application for fees pursuant to the EAJA, (Dkt. No. 15, Attach. 1 ¶ 7). Accordingly, counsel is entitled to $7,161.60 in attorneys' fees.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that counsel's motion for attorneys' fees (Dkt. No. 32) is **GRANTED** in the amount of $7,161.60; and it is further

**ORDERED** that the Commissioner is directed to take the steps necessary to cause the amount of $7,161.60 to be made payable to counsel from the fund of withheld past due benefits, and to adjust the fund accordingly, in compliance with the requirements of the Social Security Act and implementing regulations as interpreted by the federal courts, and in full satisfaction of the obligations imposed by this Summary Order; and it is further

**ORDERED** that the Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 7, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court